UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MAURICE DESHAWN HODGE,<br>Defendant. | Case No.  5:10-cr-00320-EJD<br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 94 |

Presently before the court is Defendant Maurice Deshawn Hodge's ("Defendant") Motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this court within the criminal matter captioned above. Dkt. No. 94. Having reviewed Defendant's Motion in conjunction with the court's docket, the court will issue an Order to Show Cause to Defendant for the reasons explained below.

I.  **BACKGROUND**

On November 10, 2010, Defendant pled guilty pursuant to a written plea agreement to one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of Conspiracy to Retaliate Against a Witness in violation of 18 U.S.C. §§ 1513(b)(2) and 1513(f). Dkt. No. 39. Defendant was sentenced that same day to a prison term of 120 months and a five-year term of supervised release. Dkt. No. 40. Judgment was entered accordingly on November 17, 2010. Dkt. No. 41..

Defendant did not appeal from the sentence. He filed the instant Motion on October 28, 2016.

1

Case No.: 5:10-cr-00320-EJD
ORDER TO SHOW CAUSE

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

The limitation period shall run from the latest of -

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires. See United States v. Schwartz, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001). As noted above, judgment was entered in this action on November 17, 2010. Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal. He did not do so. Accordingly, the judgment became final on December 2, 2010, and a timely motion under § 2255 should have been filed no later than December 2, 2011. Defendant did not file this motion until October 28, 2016 - nearly five years later. It is therefore untimely on

2

Case No.: 5:10-cr-00320-EJD
ORDER TO SHOW CAUSE

its face since it is not apparent the other subsections of § 2255(f) apply under the circumstances presented.

In light of the discussion above, the court intends to summarily deny Defendant's Motion pursuant to § 2255(b). The court therefore issues the following order as the issue of timeliness has been raised sua sponte. See Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III. ORDER

The court hereby issues an order to show cause why this Motion should not be summarily denied as untimely under subsections (b) and (f) of 28 U.S.C. § 2255.

If Defendant does not, by **April 21, 2017**, demonstrate good cause in writing why the Motion should not be summarily denied, the court will issue a final order denying the Motion.

No hearing will be held on the Order to Show Cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: March 29, 2017

EDWARD J. DAVILA
United States District Judge