UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MAURICE HODGE,<br>Defendant. | Case No. 5:10-cr-00320-EJD-1<br><br>**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE**<br><br>Re: Dkt. No. 133 |

Before this Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 133. For the reasons discussed below, the Court **GRANTS** Defendant's unopposed request.

I.   **BACKGROUND**

On November 10, 2012, Defendant Hodge pled guilty pursuant to a plea agreement under Fed. R. Crim. Pro. 11(c)(1)(C) to a violation of 21 U.S.C. § 841 (a)(1) and 841 (b)(1)(C) and a violation of 18 U.S.C. §§ 1513(b)(2) and 1513(f). Plea Ag., ECF No. 39. Defendant Hodge waived the preparation of a presentence report and was sentenced by the Hon. Judge James Ware to 120 months in federal prison. ECF No. 40. The Court, probation, and counsel used the United States Sentencing Guidelines applicable at that time to calculate the criminal history category and offense level to arrive at the Guideline Sentence. *Id.* Since the time of sentencing in this case, the United States Sentencing Commission has revised the Guidelines related to the Drug Quantity Table and made those changes retroactive. U.S.S.G. App. C, amends. 782,788. After the filing of this motion, a new Revised Sentence Reduction report was generated and filed by Probation. ECF No. 132. The parties agree that, under Amendment 782 and given that Defendant Hodge's offense

Case No.:  5:10-cr-00320-EJD-1
ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE
1

1 involved approximately three grams of cocaine base, the new total offense level is 22 and his

2 criminal history category is VI.  This results in a new amended Guideline range of 84 to 105

3 months. *See* ECF No. 132, p. 3.  The Court accepts these new calculations and finds the new

4 Guideline range appropriate in this case.

## II.   LEGAL STANDARD

Under Section 3582(c)(2), the court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The court may reduce the term of imprisonment under Section 3582(c)(2) after considering the factors set forth in Section 3553(a) to the extent that they are applicable and ensuring that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. *Id.* § 3553(a).

## III.   DISCUSSION

Defendant Hodge asks that this Court consider the factors expressed in 18 U.S.C. § 3553(a) and his post-sentence rehabilitation an impose a sentence of 87 months.  The government asks for a sentence of 100 months.  The Court finds that Defendant Hodge is eligible for a reduction of sentence pursuant to Section 3582(c)(2).  The Court next reviews the record and evidence submitted and the factors set out in Section 3553(a) to determine whether in exercising its discretion a reduction is warranted in the particular circumstances of the case. *See Dillon v. United States*, 560 U.S. 817 (2010).

### A.   Section 3355(a) Factors and Public Safety

The Court has reviewed the Revised Sentence Reduction Investigation Report, ECF No. 132, and the Exhibits submitted by Defendant Hodge.  The record reflects that at the time of the sentencing in this case, Defendant Hodge was serving a state prison sentence imposed in another

Case No.: 5:10-cr-00320-EJD-1
ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE
2

1  case. The 120 months imposed in this case was consecutive to his state prison sentence he was
2  then serving. Defendant Hodge completed his state sentence and began serving his federal
3  sentence in May of 2022. Def.'s Mot. for Reduction of Sentence 8, ECF No. 133. While serving
4  his state sentence, Defendant Hodge pled guilty to an offense of conspiring to bring drugs into
5  prison. *Id.* He did well in state prison following the drug case in 2017, as he involved himself in
6  the programming offered in prison and committed to work in the facility. *Id.* at 9. He completed
7  the Transitions Program in April 2021 and received a certificate in computer literacy and a
8  professional certification in a Health Facilities Maintenance Program. *Id.* He appears to have
9  accepted the training and education opportunities offered in the state facility to his personal
10 benefit. He did suffer two disciplinary actions while in state prison both related to his refusal to be
11 housed with a roommate. *Id.* at 10. He indicated his health was at high risk for Covid infection
12 and he feared exposure if housed with a roommate. *Id.* Defendant Hodge has received positive
13 reviews from his work supervisors in prison and his programming courses. *Id.* at 9. Defendant
14 Hodge met his wife Tamara in 2018 and they were married in April 2022. *Id.* at 5. Tamara is
15 employed at UCSF and has an online clothing business she founded. *Id.* She expresses support
16 for Defendant Hodge and states she will benefit from his assistance with her business on his
17 release and will be supportive in his transition and reintegration to the community. *Id.* She
18 envisions a possible relocation to another area to restart their lives. *Id.*

19 Defendant Hodge had a tumultuous childhood. *Id.* at 4. He was raised in the Hunter's
20 Point district of San Francisco. *Id.* The area was surrounded with drugs, gangs, and violence. *Id.*
21 His father was addicted to "crack" and his mother used cocaine. Pre-Sentencing Report 4, ECF
22 No. 132. At the age of 5 he witnessed his father sentenced to prison, which freed him from his
23 father's addictive behavior. *Id.* at 4. His mother married an individual who was not a positive role
24 model. His stepfather was a drug dealer. *Id.* at 5. Defendant Hodge has a daughter now age 23.
25 *Id.* He was only in her life briefly because of his incarceration; however, he maintains contact
26 with her, and she is supportive of her father. *Id.* Defendant Hodge consumed alcohol daily from
27 the age of 12, he also began using drugs at this time. *Id.* He is currently housed at FCI Mendota

where he is attending the Threshold Program, which assists inmates to growth and a better life circumstance for the future once released from prison. *Id.* at 7. He has successfully completed the Career Technical Employment-TPC Unit 151-Chemical Hazards Test (SHA Hazard Communications Standard) for healthcare Facilities Maintenance and received certification in the HFM program. *Id.* at 9. He has not sustained any disciplinary referrals. *Id.* at 7.

Defendant Hodge has been incarcerated for at least the past 15 years. He had some initial bad conduct early in his custodial sentence; however, he has made significant progress and growth the past several years. He has taken positive initiative in programing and pursuit of education while in custody. His work on personal understanding and rehabilitation is commendable. He has a wife and daughter who support his rehabilitation and have committed to assist him on his release to the community. This support is significant to him and serves as motivation to continue in a positive direction.

The Court in considering the nature and circumstances of the offense and his conduct in the offense, his criminal history, and his significant post sentencing conduct while in federal custody finds that a sentence of 87 months is the appropriate sentence in this case.

The Court finds that this sentence reflects the seriousness of the offense and promotes respect for the law and provides just punishment for the offense. The Court finds that this sentence affords adequate deterrence and provides the defendant with needed educational and vocational training. The Court finds that this sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a).

IV. **CONCLUSION**

For the reasons set forth above, Defendant Hodge's motion for reduction of sentence is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 8, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cr-00320-EJD-1
ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE
4