UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MAURICE DESHAWN HODGE,<br>Defendant. | Case No. 5:10-cr-00320-EJD-1<br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 141 |
|---|---|

Before the Court is Defendant Maurice Deshawn Hodge's ("Defendant") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 141; Supp. Brief, ECF No. 145.[1] The Government filed an opposition, and Defendant filed a reply. Opp'n, ECF No. 148; Reply, ECF No. 151. Counsel for Defendant and the Government appeared at a hearing on July 30, 2025. ECF No. 153. The Court heard arguments from both parties and issued an oral order denying Defendant's motion at the hearing. *Id.* This written order expands upon the Court's ruling.

For the following reasons, the Court **DENIES** Defendant's motion.

I.  **BACKGROUND**

Defendant is currently serving an 87-month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and conspiracy to retaliate against a witness, in violation of 18 U.S.C. §§ 1513(b)(2) and 1513(f). Defendant was originally sentenced to 120 months, but the Court granted a motion to reduce his sentence on

---

[1] Defendant originally filed his motion pro se, then Court-appointed counsel filed a supplemental brief. ECF No. 142.

Case No.: 5:10-cr-00320-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
1

1  November 8, 2023, pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 138.  Defendant now seeks

2  compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is serving an

3  unusually long sentence and suffers from various qualifying health conditions.

## II.   LEGAL STANDARD

Courts have "the discretion to consider compassionate release motions on an individualized basis."  *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).  As set forth at 18 U.S.C. § 3582(c)(1)(A), a sentencing court may grant a compassionate release motion and reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The defendant must also have exhausted the claim with the BOP or have allowed the lapse of 30 days from the warden's receipt of the request.  *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13.  The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) circumstances that are similar in gravity to, or a combination of, the four prior categories; and (6) an unusually long sentence.  U.S.S.G. §§ 1B1.13(b)(1)–(6).

## III.   DISCUSSION

The Court finds that Defendant has not presented evidence of an extraordinary and compelling reason warranting a sentence reduction at this time.

Defendant argues that compassionate release is justified under two provisions of the Sentencing Commission's policy: (1) U.S.S.G. § 1B1.13(b)(6); and (2) U.S.S.G. § 1B1.13(b)(5).

Section (b)(6) provides that an "unusually long sentence" can constitute an extraordinary and compelling reason for compassionate release if a defendant has "served at least 10 years of the term of imprisonment," among other requirements.  Defendant argues that the 10-year requirement

is satisfied because he has been in continuous custody since 2007. However, 15 of those years were spent serving a state sentence; Defendant only began serving his federal sentence upon his release from state prison in May 2022. He has since served 37 months of his federal sentence. The Court is unaware of any case where a court has aggregated state and federal sentences to meet the 10-year threshold, but existing case law and the language of the section itself implies that Section (b)(6) refers only to the time served for the federal sentence in the particular proceeding before the Court. *See, e.g.,* U.S.S.G. § 1B1.13(b)(6) (requiring that a defendant "serve[] at least 10 years of *the term of imprisonment*") (emphasis added); *United States v. Crawley*, 140 F.4th 165, 172 (4th Cir. 2025) ("[W]e conclude that the phrase 'served at least 10 years of the term of imprisonment' carries its ordinary meaning."); *United States v. Chachanko*, No. 5:06-CR-50117, 2024 WL 3293619, at *17 (D.S.D. July 2, 2024) ("[B]ecause Chachanko's aggregate sentence is comprised of two sentences imposed at different times during different proceedings . . . . the court cannot treat Chachanko's sentence as aggregated for purposes of determining whether he has served ten years of the term of imprisonment that he seeks to reduce.") (collecting cases). Therefore, the Court finds that Defendant has not satisfied the 10-year requirement for purposes of Section (b)(6).

Section (b)(5) provides that an extraordinary and compelling reason may include "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Defendant argues that the following circumstances are extraordinary and compelling reasons for compassionate release under this section: (1) he is currently forty-five years old and suffers from high blood pressure, high cholesterol, asthma, a recent numbness in his left leg, and other health concerns; (2) his mother's health is in decline; and (3) his wife would benefit from his support while she recovers from recent surgery. The Court finds that these circumstances, when viewed individually and in combination, are currently insufficient to grant compassionate release under Section (b)(5).

Though the Court sympathizes with Defendant's health concerns, the Court finds they are

Case No.: 5:10-cr-00320-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
3

not extraordinary and compelling enough at this time to justify early release.  Should Defendant's health conditions worsen or other circumstances change, Defendant may file a new application with the Court.

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: August 1, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cr-00320-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
4